UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO BALMORE CHICAS GUEVARA,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PATRICK DIVVER, San Diego Field Office Director, ICE; WARDEN, OTAY MESA DETENTION CENTER; and TODD BLANCHE, Attorney General of the United States,<br><br>                              Respondents. | Case No.:  26-cv-3501-GPC-DEB<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

Before the Court is Petitioner Jairo Balmore Chicas Guevara's petition for a writ of habeas corpus. Petitioner raises two primary arguments: (1) that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) rather than subject to mandatory detention under 8 U.S.C. § 1225(b), and (2) that he is receiving inadequate medical care in detention.

Respondents, in their return to the petition, maintain that Petitioner is subject to mandatory detention pursuant to § 1225(b). However, Respondents also state that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." ECF No. 4, at 2. The petition itself did not contain any

information regarding Petitioner's prior detention or parole. *See generally* ECF No. 1. Petitioner did not provide a traverse, and the time to do so has since passed. *See* ECF No. 2.

If Petitioner was previously released from immigration custody on parole, then Petitioner maintained a protected liberty interest in his continued freedom which could not be revoked without compliance with due process, including notice and a pre-deprivation hearing. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Devilmar v. LaRose*, No. 3:26-CV-01748-JES-MSB, 2026 WL 1042439, at *2 (S.D. Cal. Apr. 17, 2026); *Quiroz v. Larose*, No. 26-CV-866 JLS (DEB), 2026 WL 673822, at *2–*3 (S.D. Cal. Mar. 10, 2026). Thus, the question of whether Petitioner was previously detained and granted parole that has now been revoked bears on this Court's analysis when considering this habeas petition and the appropriate remedy.

Accordingly, the Court seeks additional information on whether Petitioner was previously in immigration custody and released on parole. The Court ORDERS as follows:

- By **June 30, 2026,** Petitioner shall provide supplemental briefing, limited to four (4) pages, addressing whether Petitioner was previously released on parole and how such release affects Petitioner's habeas arguments.

- By **July 2, 2026**, Respondent may respond to Petitioner's briefing. The response is limited to four (4) pages.

**IT IS SO ORDERED.**

Dated:  June 26, 2026

Hon. Gonzalo P. Curiel
United States District Judge

2

26-CV-3501-GPC-DEB