UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO BALMORE CHICAS GUEVARA,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PATRICK DIVVER, San Diego Field Office Director, ICE; WARDEN, OTAY MESA DETENTION CENTER; and TODD BLANCHE, Attorney General of the United States,<br><br>                              Respondents. | Case No.:  26-cv-3501-GPC-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Jairo Balmore Chicas Guevara's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner seeks immediate release from custody or, alternatively, a constitutionally adequate bond hearing. ECF No. 1, at 10. For the reasons set forth below, the Court GRANTS the petition and orders Petitioner's immediate release.

**BACKGROUND**

Petitioner entered the United States in 2019 and has been present in the U.S. for the past seven years. ECF No. 1, ¶ 12. Upon entry, Petitioner was processed as an

1

Unaccompanied Alien Child under the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA") and placed in a government-monitored shelter for minors. ECF No. 6, at 3. Petitioner was then released to his sister as a vetted family sponsor. *Id.* To do so, the government flew Petitioner from the border to Los Angeles, California, to deliver Petitioner to his sister's custody to await asylum proceedings. *Id.* Petitioner's asylum proceedings were paused or dismissed in 2022. *Id.*

On April 15, 2026, Immigration and Customs Enforcement ("ICE") intercepted Petitioner at a roadside checkpoint while he was driving home from work. *Id.* at 4. That day, Petitioner was served a Notice to Appear ("NTA") and placed in physical detention at Otay Mesa Detention Center. *Id.* at 4; ECF No. 1, ¶¶ 9–10. Petitioner's NTA identified Petitioner a noncitizen "present in the United States who has not been admitted or paroled." ECF No. 1, ¶¶ 9–10.

Petitioner has now filed a petition for a writ of habeas corpus seeking immediate release or a constitutionally adequate bond hearing. ECF No. 1, at 10. The initial Petition sought relief on the grounds that (1) Respondents are wrongly subjecting Petitioner to mandatory detention under 8 U.S.C. § 1225(b) when Petitioner's detention should be governed by § 1226(a) and (2) Petitioner is receiving inadequate medical care in detention. *See generally* ECF No. 1. Upon a request from the Court for supplemental briefing, Petitioner further argues that his re-detention without notice or a pre-deprivation hearing violated due process. ECF No. 6, at 4–5.

## DISCUSSION

In their supplemental briefing, Respondents concede that Plaintiff was previously released from immigration custody on parole in 2019. ECF No. 7, at 2. Rather than address the due process issues raised by Petitioner's prior release, Respondents instead (1) maintain that Petitioner is subject to mandatory detention and (2) argue that Petitioner's request for release due to inadequate medical care is not a proper habeas claim. *Id.* Respondents also acknowledge that "this Court's prior decisions will control the result here . . . and on that

26-CV-3501-GPC-DEB

basis the government does not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 2–3.

Despite Respondents' lack of opposition to the petition, the Court will still assess the merits of Petitioner's claims. The Court begins by analyzing the claim not addressed by Respondents: whether Petitioner's re-detention without notice or a hearing violated his due process rights.

## I.    Petitioner's Detention Violates Due Process

In supplemental briefing ordered by the Court, Petitioner argues that his re-detention without notice or a chance to be heard violated his Fifth Amendment due process rights. ECF No. 6, at 4–5. The Court agrees.

Under the Due Process Clause of the Fifth Amendment, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Due process rights apply to noncitizens, including those whose presence in the United States is unlawful. *Id.* at 693.

As applied to cases like Petitioner's: "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). *See also Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025); *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). In fact, the government's initial release of an individual from custody "creates an 'implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). An initial release from ICE custody further reflects "a determination by the

26-CV-3501-GPC-DEB

government that [an individual is] neither a flight risk nor a danger to the community." *Pinchi*, 792 F. Supp. 3d at 1034; *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, *7 (N.D. Cal. Sept. 12, 2025). Thus, DHS may generally not re-arrest a previously released noncitizen "absent a change in circumstances." *Salcedo Aceros* 2025 WL 2637503, at *1 (citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

When Petitioner was previously released from government custody, he "took with him a liberty interest which is entitled to the full protections of due process." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty"). Courts have determined this to be the case when a noncitizen, like Petitioner, entered the United States as an unaccompanied minor and was previously released under the TVPRA. *See Cornejo v. Andrews*, 823 F. Supp. 3d 1085 (E.D. Cal. 2026); *R.D.T.M. v. Wofford,* No. 1:25-cv-01141-KES-SKO, 2025 WL 2686866, at *4 (E.D. Cal. Sept. 18, 2025); *Perez v. Casey*, No. 26-CV-0655-JES-BLM, 2026 WL 370397, at *1 (S.D. Cal. Feb. 10, 2026) ("Aliens afforded release under the TVPRA have the same due process protections regarding re-detention as those granted parole or release as adults: at a minimum, they are entitled to notice and opportunity to be heard regarding the individualized changed circumstances justifying revocation in their case.").

Having determined that Petitioner maintains a protected liberty interest in remaining out of custody, the Court must next determine "what process is due." *Morrissey*, 408 U.S. at 481.

"The constitution typically 'requires some kind of a hearing *before* the State deprives a person or liberty or property.'" *G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274 (W.D. Wash. Oct. 8, 2025), *report and recommendation adopted sub nom. G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035 (W.D. Wash.

26-CV-3501-GPC-DEB

Oct. 28, 2025) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). To determine what procedures are required by due process, the Court evaluates the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). *See Ortiz Donnis*, 2025 WL 2879514, at \*12. Under *Mathews*, a court must consider (1) "the private interest" at stake, (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards," and (3) the "Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." 424 U.S. at 335.

As to the first *Mathews* factor, Petitioner has a significant private interest in his continued liberty. Indeed, Petitioner's seven years out of government custody "have only heightened [his] liberty interest in remaining out of detention." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). Thus, this factor favors Petitioner. *See Salcedo* 2025 WL 2637503, \*12; *Ortiz Donis*, 2025 WL 2879514, at \*12; *Pinchi*, 792 F. Supp. 3d at 1034-35.

Turning to the second *Mathews* factor, "it is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide [him] with a pre-detention hearing." *Pinchi*, 792 F. Supp. 3d at 1035. Where, as here, Petitioner has not received any bond or custody hearing upon his re-detention, "'the risk for erroneous deprivation [of liberty] is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Id.* (quoting *Singh v. Andrews*, No. 1:25-CV-00801, 2025 WL 1918679 (E.D. Cal. July 11, 2025)). Further, courts have noted that "civil immigration detention must be 'nonpunitive in purpose' and bear a 'reasonable relation' to the authorized statutory purposes of preventing flight and danger to the community." *G.S. v. Bostock*, 2025 WL 3014274, at \*8. By releasing Petitioner into his sister's custody in 2019, immigration officials determined that he was neither a flight risk nor a danger to his community. *See id.*; *Ortiz Donis*, 2025 WL 2879514, at \*1; *Pinchi*, 792 F. Supp. 3d at 1034. Respondents have not alleged that there has been a change in circumstance since Petitioner's 2019

5

26-CV-3501-GPC-DEB

release. Thus, the risk of erroneous deprivation is particularly high in Petitioner's case, as there is no evidence of changed circumstances or that Petitioner is a danger or flight risk. Accordingly, this factor also favors Petitioner.

Finally, the Government "has failed to show any countervailing interest against providing a pre-detention hearing." *G.S. v. Bostock*, 2025 WL 3014274, at *9; *Salcedo Aceros*, 2025 WL 2637503, at *12. Indeed, "in immigration court, custody hearings are routine and impose a minimal cost." *Singh*, 2025 WL 1918679, at *8 (internal quotation marks and citation omitted). There is also no concern that a hearing will delay or obstruct Respondents efforts to remove Petitioner, as Petitioner's removal proceedings have been terminated due to Petitioner's eligibility for Temporary Protected Status, which Petitioner has since received. ECF No. 1, ¶ 6. In sum, the Government's interest in detaining Petitioner without a hearing is low. *Singh*, 2025 WL 1918679, at *8.

Each of the *Mathews* factors favors Petitioner. Thus, Petitioner was entitled to a pre-deprivation bond hearing. The Government detained Petitioner, without explanation and without notice, despite its own prior determination that Petitioner was not a flight risk and posed no danger to the community. "Under these circumstances, given the government's conduct, the substantial liberty interests held by [Petitioner], and the fact that the government has no evidence and does not contend that [Petitioner] presents [a] risk or flight or to public safety, a pre-deprivation bond hearing [was] warranted." *Salcedo* 2025 WL 2637503, *12. At such a hearing, the burden would have been on the government to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention was necessary to prevent danger to the community or flight. *Pinchi*, 792 F. Supp. 3d at 1038; *see also Ortiz Donis*, 2025 WL 2879514, at *15; *Ortiz Donis*, 2025 WL 2879514, at *15 ("Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention.").

In light of such a violation, Petitioner's release from custody is the appropriate remedy. *See*, *e.g.*, *Perez v. Casey*, No. 26-CV-0655-JES-BLM, 2026 WL 370397, at *2 (S.D. Cal. Feb. 10, 2026); *Quiroz v. Larose*, No. 26-CV-866 JLS (DEB), 2026 WL 673822,

26-CV-3501-GPC-DEB

at *3 (S.D. Cal. Mar. 10, 2026); *Aliyev v. LaRose*, No. 3:26-CV-01119-CAB-JLB, 2026 WL 699818, at *3 (S.D. Cal. Mar. 12, 2026); *Devilmar v. LaRose*, No. 3:26-CV-01748-JES-MSB, 2026 WL 1042439, at *2 (S.D. Cal. Apr. 17, 2026); *Perez v. Noem*, No. 3:25-cv-3777-CAP-JBL, 2026 WL 102643, at *2 (S.D. Cal. Jan. 14, 2026).[1]

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- The Court GRANTS the petition for writ of habeas corpus, ECF No. 1.

- The Court ORDERS Respondents to release Petitioner from custody immediately. Respondents SHALL NOT impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

- Respondents SHALL NOT re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

- The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: July 1, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Having reached this conclusion on the grounds that Respondents' re-detention of Petitioner without notice or a hearing constituted a due process violation, the Court declines to reach the merits of Petitioner's other claims.

26-CV-3501-GPC-DEB